## Manor Township School District Audit.

*Courts—Jurisdiction—Supreme and Superior Courts—Case orig-
inating in the quarter sessions—Act of June 24, 1895, P. L. 212—
Appeals—Tax collection—School tax—Audit.*

Where a case involving the propriety of an audit of a tax col-
lector, without involving a right to public office, originates in the
quarter sessions, an appeal from an order therein lies to the Su-
perior and not to the Supreme Court, under the Act of June 24,
1895, P. L. 212.

Argued May 19, 1924.   Appeal, No. 201, Jan. T., 1924,
by John W. Witmer, administrator d. b. n. of Arthur A.
Grebinger, deceased, from order of Q. S. Lancaster Co.,
to Quarter Sessions Journal, page 181, dismissing peti-
tion to file supplemental report of finances of school dis-
trict in case of Audit of Finances of Manor Township
School District.   Before FRAZER, WALLING, SIMPSON,
KEPHART, SADLER and SCHAFFER, JJ.   Case remitted to
Superior Court.

Petition for rule to file supplemental report of finan-
ces of the School District of Manor Township.   Before
LANDIS, P. J.

The opinion of the Supreme Court states the facts.

Rule absolute.   John W. Witmer, administrator d. b.
n. of Arthur A. Grebinger, appealed.

*Error assigned* was order, quoting it.

*John M. Groff,* with him *Harvey B. Lutz,* for appel-
lant.

*Benj. C. Atlee,* with him *Harnish & Harnish,* for ap-
pellee.

PER CURIAM, July 8, 1924:

Arthur A. Grebinger was elected tax collector of Manor Township, Lancaster County, and as such collector, after giving bond with surety, received the school tax duplicate for the term beginning July 1, 1921, and continued to act until his death December 22, 1921. On January 10, 1922, his widow, after her appointment as administratrix of her husband's estate, was selected by the school board to collect the remaining tax and continued to do so until July 3, 1922, the end of the fiscal year; subsequently the letters granted to Mrs. Grebinger were revoked and letters d. b. n. granted to John W. Witmer. On July 25, 1922, the auditors of the school district made and completed the annual audit of the finances of the district which included the collection of taxes and other income received during the entire fiscal year ending July 3, 1922. Copies of the completed audit and report were filed by the auditors with the secretary of the school board and clerk of the court of quarter sessions and public notice given by posting hand bills throughout the township. This report showed no shortage or delinquency on the part of Arthur A. Grebinger and was not excepted to by either the school officials or any taxpayer or other person.

On February 3, 1923, on petition of the township auditors, to the court of quarter sessions, for leave to file a supplemental report of the finances of the school district of the township for the term ending July 3, 1922, a rule was granted on the "heirs and legal representatives of Arthur A. Grebinger," to show cause why the same should not be allowed; after answers filed by the widow and also the administrator d. b. n. denying the right of the auditors to file a supplemental report at that time, the court made absolute the rule. From that order Grebinger's administrator appealed to this court. The question first for consideration is our jurisdiction.

The act establishing the Superior Court (June 24, 1895, P. L. 212) invests that court with exclusive and

final appellate jurisdiction of all appeals in designated cases, among them "(a) all proceedings of any kind in the court of quarter sessions of the peace or before any judge thereof, except cases involving the right to a public office, in which cases the remedy by appeal to the Supreme Court shall not be affected by this act." Here the proceedings appealed from were had in the quarter sessions, the court having jurisdiction of the matter, and does not involve the right to a public office, consequently this court is without jurisdiction and the case must be remitted to the Superior Court for determination there.

And now, July 8, 1924, this case is remitted to the Superior Court, at costs of appellant.