## Matey Appeal.

Argued November 12, 1959. Before HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ. (RHODES, P.J., absent).

*John A. Metz, Jr.,* with him *Milton Fine, Joseph B. Mitinger,* and *Metz, Cook, Hanna & Kelly,* for appellants.

*Bresci R. P. Leonard,* with him *Royston, Robb & Leonard,* for appellees.

OPINION PER CURIAM, December 30, 1959:

This is an appeal from an order of the Court of Quarter Sessions of Allegheny County dismissing the appellants' petition challenging the jurisdiction of that court over a petition to quash a supplement to the auditor's report of the Borough of Turtle Creek for the fiscal year 1958.

The appeal was filed in the Supreme Court which entered thereon the following order: "October 2, 1959, the jurisdiction of this appeal being in the Superior Court, it is accordingly remitted to that court: see Manor Township School District Audit, 281 Pa. 116, 117-118."

Believing that the order gives us jurisdiction of this case and imposes upon us a duty to pass upon the merits, we shall, of course, do so. However, except for the order, it is not clear to us how we acquire jurisdiction of this dispute. It would, therefore, be helpful to us, and we believe to the profession,[1] if the Supreme Court would give us further guidance concerning our jurisdiction over this and similar disputes. The Supreme Court can best do this by knowing what thinking on our part gives rise to the need for further guidance.

---

[1] Neither counsel presented any argument to support our jurisdiction of the appeal. Appellant took the appeal to the Supreme Court, believing that is where it belonged and the appellee did not question the Supreme Court's jurisdiction. Neither could advance any reason why we had jurisdiction of this case except that we acquired it by virtue of the order of the Supreme Court remitting it.

For that reason, we feel justified in discussing the appellate jurisdictional problem involved.

In *Manor Township School District Audit,* cited in the Supreme Court order, that Court said: "The act establishing the Superior Court (June 24, 1895, P. L. 212) invests that court with exclusive and final appellate jurisdiction of all appeals in designated cases, among them '(a) all proceedings of any kind in the court of quarter sessions of the peace or before any judge thereof, except cases involving the right to a public office, in which cases the remedy by appeal to the Supreme Court shall not be affected by this act.' Here the proceedings appealed from were had in the quarter sessions, the court having jurisdiction of the matter, and does not involve the right to a public office, consequently this court is without jurisdiction and the case must be remitted to the Superior Court for determination there."

It is to be noted that the Court there relied upon §7(a) of the Act of June 24, 1895, P.L. 212, 17 PS §181, §182, which provides that this Court "shall have exclusive and final appellate jurisdiction of all appeals which are now allowed to the Supreme Court in the following classes of cases: (a) All proceedings of any kind in the court of quarter sessions of the peace, or before any judge thereof, except in cases involving the right to a public office . . ."

The Act of March 2, 1923, P.L. 3, §1, 18 PS §187, provides: "From and after the passage of this act, appeals from any order, judgment or sentence of the County Court of Allegheny County, or the Municipal Court of Philadelphia . . . not provided by law to be taken to the court of common pleas or court of quarter sessions of the peace of the particular county, shall be taken to and heard by the Superior Court, and shall not be appealable to the Supreme Court, except upon

allowance as in the case of other orders, judgments, and sentences of the Superior Court."

We assume that "appeals" as used in both of these acts has the same meaning, although we recognize that at times the word is used by the legislature and the courts with different meanings. The term may include review by certiorari and it may exclude review by certiorari. It may include review by writ of error and writ of certiorari or it may include review by writ of error and not review by writ of certiorari. See 4 C.J.S. Appeal & Error §17; 2 P.L.E. Appeals §3; *Rand v. King,* 134 Pa. 641, 19 A. 806 (1890). It is not always easy to ascertain in which sense either the courts or the legislature have been using the word.

In *Bell Appeal,* 396 Pa. 592, 152 A. 2d 731 (1959), the Supreme Court dealt extensively with the jurisdiction of this Court. The County Court of Allegheny County first heard that case and an appeal from its order was taken and heard by this Court without objection by either party. When the Supreme Court allowed an allocatur, the City Solicitor of Philadelphia joined the City Solicitor of Pittsburgh, and under rule 46 filed an amicus curiae brief questioning the jurisdiction of this Court to hear the controversy.

The Supreme Court held that the Act of 1923, supra, did not give this Court jurisdiction of the case. It held that the word "appeals" was used in that act in its restricted sense, and did not include the appellate review which was known as certiorari prior to the Act of May 9, 1889, P.L. 158, 12 PS §1131, which provided that the appellate proceedings theretofore taken by certiorari should thereafter be taken in a proceeding called an appeal. The Supreme Court held that we are without authority to review proceedings heard in the County Court of Allegheny County where no appeal is authorized by a statute other than the Act of 1923, supra. The Supreme Court also referred to paragraphs

(e) of §7 of the Act of June 24, 1895, P.L. 212, supra, and §11 of the Act of May 5, 1899, P.L. 248, 17 PS §189, §203, and held that these enactments did not give statutory jurisdiction to this Court to review by certiorari, even when the parties agreed to such review.

Unless we misunderstand the reasoning and import of *Bell Appeal,* supra, we must conclude from it that the provision of the Act of 1895 quoted in *Manor Township School District Audit* can no longer be considered to give this court jurisdiction to review all proceedings in the court of quarter sessions, any more than the Act of 1923, supra, gives us jurisdiction to review all proceedings in the County Court of Allegheny County, or the Municipal Court of Philadelphia. Before we can review the action of any of these courts, we must find the right of appeal in some other statute. If we cannot find the right of appeal specifically given in some other statute, appellate review is not by appeal but by certiorari, which is exclusively in the Supreme Court. *Bell Appeal,* supra.

It seems to us that to acquire jurisdiction of appellate review of the class of cases to which this belongs we must find statutory authority for the right of appeal from an order of the court of quarter sessions relating to a borough auditors' report. Under the reasoning of *Bell Appeal,* we cannot find that statutory authority in the Act of 1895.

This appeal was taken under the provisions of the Act of March 5, 1925, P. L. 23, §1, 12 PS §672, which provides that 'where the question of jurisdiction over the defendant or of the cause of action is raised in the court of first instance, "the decision may be appealed to the Supreme Court or the Superior Court, as in cases of final judgments." It appears to us that under this provision, appeal to this Court is allowed only if the party would have a right to appeal to this Court in the case of a final judgment. This is a proper statutory

requirement as it would be unreasonable to deliberately give one appellate court jurisdiction to pass upon the question of the lower court's jurisdiction preliminarily and a different appellate court jurisdiction to pass upon the final judgment entered in the same case.

To further emphasize the unreasonableness of giving this Court appellate jurisdiction over the preliminary determination of a lower court's jurisdiction of a case in which only the Supreme Court could have final appellate jurisdiction, we need only observe that were this Court to sustain the lower court's jurisdiction in such case, it would not settle the question on the appeal of the final judgment to the Supreme Court. Jurisdiction could again be raised, ("It is never too late to question a court's jurisdiction of the subject matter." *Bell Appeal,* p. 597), and, of course the Supreme Court would not be bound by our preliminary determination. There would thus be no possible purpose of allowing a preliminary appeal to the Superior Court on a jurisdictional question when the final judgment would be appealable only to the Supreme Court.

Furthermore, an appellate review dealing solely with the question of the jurisdiction of the court below is in the nature of a narrow certiorari and not an "appeal", as the word is used in the Acts of 1895 and 1923, supra. See 4 C.J.S. Appeal & Error, §17, p. 93; *Bell Appeal,* supra. The legislature could give, but has not given, the Superior Court the right to a review by narrow certiorari. See *Bell Appeal,* supra. If we assume that the legislature used "appeal" to mean narrow certiorari in the Act of 1925, and if we ignore the words, "as in cases of final judgments," we could reach the conclusion that we have appellate jurisdiction to review all questions concerning the lower court's jurisdiction which emanates from the courts of quarter sessions, the County Court of Allegheny County and the Municipal Court of Philadelphia in an unlimited number of

398

matters over which we have no right of review by appeal from final judgment. We do not believe that this could have been the legislature's intent.

In the light of the now established practice of limiting our jurisdiction over appeals (as the term is used in its most confined sense) it would be unreasonable to assume that in this instance the legislature intended to give this Court jurisdiction over what is actually in the nature of a *narrow* certiorari and not jurisdiction over a subsequent appeal in the same case.

But we think that we need not resort to rules of statutory construction to determine the meaning of the Act of 1925, supra, for the language of the act seems clear to us. In providing for appeals to the appellate courts, the practice of the legislature was to use the phrase "as in other cases" or "in the same manner as appeals are taken in other cases"[2] and not "as in cases of final judgments." Some meaning must be given to the expression used in the Act of 1925. We think the legislature said that the way to determine which appellate court has jurisdiction of the appeal is to determine the appellate court to which the appeal would be taken were there a final judgment in the case.

We have found no statutory right to appeal from a final judgment of the court of quarter sessions relating to the auditors' report of a borough. Therefore, under the ruling of *Bell Appeal*, supra, the review of such final judgment would be by certiorari only. The Supreme Court has sole jurisdiction in such cases, and it appears to us that the appeal under the Act of 1925 in this case would be to the Supreme Court and not to this Court.

---

[2] For example see §1044 of the Act of July 10, 1947, P. L. 1621, 53 PS §46044; §519 Act of May 22, 1933, P. L. 853, 72 PS §5020-519, §9 Act of May 20, 1921, P. L. 984, 26 PS §341; §12 Act of June 21, 1939, P. L. 626, 72 PS §5452.12.

Section 29 of The Borough Code of July 10, 1947, P. L. 1621, amending and reenacting §1038 and §1044 of The General Borough Act of May 4, 1927, P. L. 519, 53 PS §46038, §46044, provides: "Section 1038. Appeals from Audit.—It shall be lawful for the borough, or any taxpayer thereof, on its behalf, or any officer whose account is settled or audited, to appeal from the settlement or audit, as shown in the auditor's report, to the court of common pleas of the county, but not later than forty days from the date of filing of the auditor's report with the clerk of the court of quarter sessions . . . Section 1044. Exceptions and Appeals.— Any person interested may except to the ruling of the court, and may appeal therefrom to the Superior or Supreme Court as in other cases."

There can be no doubt that the "court" referred to in §1044 is the court of common pleas, and not the court of quarter sessions. This section cannot give the right to appeal from the court of quarter sessions. It cannot be applied to this case. But, even if this were an appeal from the court of common pleas it would be to the Supreme Court and not to this Court. The two Courts get jurisdiction only "as in other cases." "As in other cases," if given any meaning at all, must refer to the amount in controversy. There has been filed with this appeal a certificate that the amount in controversy exceeds $5000. Thus, even were this an appeal under the above section, it would be to the Supreme Court and not to the Superior Court. If this had been an appeal taken from the court of common pleas to this Court originally, §11 of the Act of 1899, supra, might have operated to give us jurisdiction even if the amount in controversy would exceed $5000. However, here the parties appealed to the Supreme Court. They are involuntarily in our Court.

Except for the order of the Supreme Court remitting the case, it appears to us that we do not have jurisdic-

tion under the statutes and the decisions of the Supreme Court. When we do not have jurisdiction, we should not discuss the merits. See *Martonick v. Beattie,* 383 Pa. 168, 170, 117 A. 2d 715 (1955) ; *Bell Appeal,* 396 Pa. 592, 597, 152 A. 2d 731 (1959) ; *Commonwealth v. O'Brien,* 389 Pa. 109, 132 A. 2d 265 (1957) ; *Jones v. Amsel,* 388 Pa. 47, 51, 130 A. 2d 119 (1957). We are, nevertheless, faced with the order of remittitur which we believe imposes upon us a duty to pass upon the merits of the appeal, which we shall do.

Turning then to the merits, we find that on May 12, 1959, the Auditors of the Borough of Turtle Creek filed in the office of the Clerk of the Court of Quarter Sessions of Allegheny County, their report for the year 1958, together with a supplement thereto surcharging nine councilmen of the borough.

On June 19, 1959, the councilmen filed in the Court of Quarter Sessions of Allegheny County a petition for a rule to quash the supplemental report of the auditors, and were granted thereon a rule to show cause. Simultaneously, they appealed to the Court of Common Pleas of Allegheny County, which appeal is still pending.

The auditors then presented a petition in the Court of Quarter Sessions raising a question of the jurisdiction of that court to entertain the councilmen's petition to quash the auditors' supplemental report.

The Court of Quarter Sessions of Allegheny County held that it had jurisdiction to hear and decide the councilmen's petition to quash the auditors' supplemental report, and made an order dismissing the auditors' petition raising the question of jurisdiction and requiring the auditors to answer the petition to quash.

This appeal was taken from that order.

The procedure for preparing, filing and attacking borough audits is set forth in The Borough Code of May 4, 1927, P. L. 519, as amended, 53 PS §46035 et seq. It provides, inter alia: "After such report has

been prepared and executed by the auditors, it shall be the duty of the secretary of the borough to retain a copy and to file a copy of the report with the clerk of the court of quarter sessions of the county and the Department of Internal Affairs."

The Borough Code provides further in §1038 (53 PS §46038), quoted above, that appeals from the auditors' report shall be taken to the court of common pleas. This provision is virtually identical with the procedure for audits of other municipal subdivisions.

It is well settled that auditors' reports for municipal governments must be challenged in the manner provided in the act under which such reports are prepared and filed, and the remedies provided in such acts are the exclusive remedies. *Senor v. Dunbar Township School District,* 307 Pa. 190, 160 A. 701 (1932); *Hempfield School District Appeal,* 351 Pa. 1, 39 A. 2d 919 (1944); Act of March 21, 1806, P. L. 558, §13 (46 PS §156); *Neville Township Auditors' Report,* 166 Pa. Superior Ct. 122, 70 A. 2d 379 (1950).

The fact that one of the three places at which the report must be filed is the office of the clerk of the court of quarter sessions does not give that court jurisdiction of a contest over the report's contents any more than the requirement that the report be filed with the Secretary of Internal Affairs gives that Secretary jurisdiction of such contest. The legislature provides a procedure for adjudicating these problems in the court of common pleas and not in the court of quarter sessions. Its direction must be followed. In our opinion the court of quarter sessions does not have jurisdiction of this case, and the court below should be reversed.

However, more important than the jurisdiction of the court of quarter sessions in this case is the question of appellate jurisdiction. It is important to have the question of this Court's jurisdiction clarified, which can be done only by the Supreme Court. We have set

forth above why it appears to us that except for the order of the Supreme Court made in this case, we do not have jurisdiction of this appeal. If we are in error, it would be helpful to us and to the legal profession for the Supreme Court to point out the errors of our thinking.

We have done the profession a serious injustice— quite unsuspectingly, of course,—by accepting jurisdiction in cases where our right to do so was not clear. Already it is being argued in the lower courts that the hundreds of opinions filed by us in cases in which it is now determined we had no jurisdiction are not binding upon those courts. Nearly all of these cases involve some phase of municipal law[3] and it has been suggested that solicitors can now ignore these holdings in advising their municipalities on the law. Even more serious is the suggestion that the judgments rendered in these cases might not even be binding upon the parties.[4] At the sessions of our Court since the *Bell Appeal* was decided by the Supreme Court, we have almost daily heard appeals where some question concerning our jurisdiction was involved. For us to continue to accept jurisdiction in cases where our right to do so is doubtful would be a gross injustice to the litigants and the profession, and would result in hopeless confusion concerning the law relating to political subdivisions.

---

[3] Clyde McIntyre, Esq., of the Philadelphia City Solicitor's Office under the direction of Hon. David Berger has prepared a compilation of the statutes whose provisions are silent on the right of appellate review and hence subject to the rule in *Bell Appeal*, supra. The solicitor's kindness in furnishing the members of this Court with copies of this valuable compilation has been of inestimable value to us in the search of our right to review numerous recent cases appealed to this Court.

[4] See "Jurisdiction, Res Judicata and Some Thoughts on Bell Appeal" by David Berger and Alan Miles Ruben in Pennsylvania Bar Association Quarterly, October, 1959.

Under §10 of the Act of June 24, 1895, P. L. 212, 17 PS §197, the legislature has given this Court the right to certify cases to the Supreme Court for full consideration and decision where any four of the judges of this Court whose duty it is to decide any matter shall certify that the questions involved in any case are so difficult or important as to make it expedient that the case be decided by the Supreme Court.

Five of the six judges of this Court who heard this case[5] are of the opinion that except for the order remitting the case we would not have jurisdiction of this appeal. The five, therefore, certify that the questions relating to appellate jurisdiction in the case are so important as to make it expedient that the case be decided by the Supreme Court.

We, therefore, certify this case to the Supreme Court under the authority given us by §10 of the Act of June 24, 1895, supra.

---

OPINION BY WRIGHT, J., CONCURRING IN PART AND DISSENTING IN PART:

I am willing to concur in the disposition of this appeal on the merits. However, I do not approve of the action of the majority in certifying the case to the Supreme Court. Whatever we may think of the decision in *Bell Appeal*, 396 Pa. 592, 152 A. 2d 731, and I am personally in accord with the realistic view expressed by Mr. Justice McBRIDE, the fact remains that the majority opinion in the *Bell* case is presently the law of this Commonwealth. The instant appeal was originally filed in the Supreme Court, which tribunal entered an order remitting it to the Superior Court. That order unquestionably gives us jurisdiction, as the majority concedes. Si judicas, cognosce.

---

[5] President Judge RHODES was absent; Judge WRIGHT dissents in part and concurs in part.