## Turtle Creek Borough Audit.
## Matey Appeal.

Argued March 21, 1960.   Before JONES, C. J., MUS-
MANNO, JONES, COHEN, BOK and EAGEN, JJ.

*John A. Metz, Jr.,* with him *Metz, Cook, Hanna &
Kelly,* for appellant.

*Bresci R. P. Leonard,* with him *Royston, Robb &
Leonard,* for appellee.

OPINION BY MR. CHIEF JUSTICE JONES, September
27, 1960:

This matter is here on certification by the Superior Court in an exercise of the procedure prescribed by Section 10 of the Act of June 24, 1895, P. L. 212, 17 PS §197.

The substantive legal question involved is whether a court of quarter sessions has jurisdiction to entertain a motion to quash a report of borough auditors, one copy of which, pursuant to statute, is filed in the office of the clerk of the court of quarter sessions of the county, one copy retained by the borough secretary, and a third copy filed in the Department of Internal Affairs. It is evident from the opinion for the Superior Court (sub nom. *Matey Appeal,* 191 Pa. Superior Ct. 391, 156 A. 2d 870) that this question presented no appreciable difficulty and that the certification was availed of to question whether, in the light of this court's decision in *Bell Appeal,* 396 Pa. 592, 152 A. 2d 731, the appeal was within the jurisdiction of the Superior Court apart from our remission of it. We shall first consider and decide the legal question posed by the appeal, as the certification contemplates.

Section 1035 of The Borough Code of May 4, 1927, P. L. 519, as amended, 53 PS §46035(e), provides that "After such [borough auditors'] report has been prepared and executed by the auditors, it shall be the duty of the secretary of the borough to retain a copy and to file a copy of the report with the clerk of the court of quarter sessions of the county and the Department of Internal Affairs." The Borough Code further provides that appeals from borough auditors' reports shall be taken to the court of common pleas. Act of May 4, 1927, P. L. 519, §1038, 53 PS §46038.

In this instance, the councilmen of the borough of Turtle Creek, whom the auditors' report surcharged on several alleged grounds, petitioned the court of quarter sessions of the county to quash the report (a

copy whereof was then on file in the office of the clerk of the court) for reasons which their brief in this court summarizes as follows: "(1.) surcharges are stated en masse and in generalities; they are not documented, particularized, individualized and self-sustained; (2.) the report is not limited to fiscal matters only (R. 17a-18a); (3.) the report in stating surcharges covers fiscal matters not included in those 'which causes a financial loss to the borough' (section 1035 of The Borough Code, 1927, P. L. 519, 53 PS §46035); and (4.) the document is a reckless, inaccurate, deceiving political indictment in the guise of an auditor's report."

At the time of filing their petition to quash in the court of quarter sessions, the petitioners appealed the auditors' report to the court of common pleas of the county, as authorized by Section 1038 of The Borough Code. The appeal has not since been pursued and remains undisposed of.

The court of quarter sessions entered a rule on the petition to quash, calling upon the respondent auditors to show cause why the report on file with the clerk of the court of quarter sessions should not be quashed. After a hearing, the court made the rule absolute, holding that the court of quarter sessions had jurisdiction of the subject matter and that the statutorily authorized appeal to the court of common pleas was not an exclusive remedy. From that order the auditors brought this appeal.

The court of quarter sessions was in error in both of its conclusions. It is too plain for argument that judicial review of a report of borough auditors can be had only by appeal to the court of common pleas of the county pursuant to the provision of Section 1038 of The Borough Code of 1927. The statutory remedy so provided must be strictly pursued (Section 13 of the

Act of March 21, 1806, P. L. 558, 4 Sm. L. 326, 46 PS §156) and constitutes the exclusive remedy. *Riehl v. Miller,* 319 Pa. 201, 207, 178 Atl. 495, and *Skelton v. Lower Merion Township,* 318 Pa. 356, 362, 178 Atl. 387. Consequently, the reports of auditors of municipal or other governmental subdivisions can be challenged only in the manner provided by statute. See *Riehl v. Miller,* supra; *Skelton v. Lower Merion Township,* supra; *Senor v. Dunbar Township School District,* 307 Pa. 190, 192, 160 Atl. 701; and *Neville Township Auditors Report,* 166 Pa. Superior Ct. 122, 128, 70 A. 2d 379, where it was said that "The reports of such auditors must be challenged in the manner provided by the Act; the statutory remedies provided by this Act and similar acts are exclusive. [citing cases]" The statute there involved was The First Class Township Code.

Counsel for the petitioners argues that, since the court of quarter sessions has jurisdiction over its clerk, it therefore has jurisdiction of the auditors' report on file in the office of the clerk. The contention is a non sequitur. True enough, the court of quarter sessions has jurisdiction of the person of its clerk, but it has never been given jurisdiction of municipal auditors' reports which are in the clerk's keeping only as one of the statutorily designated repositories. As the Superior Court pointed out, "The fact that one of the three places at which the report must be filed is the office of the clerk of the court of quarter sessions does not give that court jurisdiction of a contest over the report's contents any more than the requirement that the report be filed with the Secretary of Internal Affairs gives that Secretary jurisdiction of such contest." *Matey Appeal,* supra, p. 401. There is no legal justification whatsoever for ascribing to the court of quarter sessions jurisdiction to pass upon either the form or substance of a report by municipal auditors on file in the office of the clerk of the court.

In this case, the matters which the petitioners aver in support of their motion to quash the auditors' report, and which we have hereinabove quoted, constitute the very character of subjects that the court of common pleas would inquire into in pursuance of its jurisdiction once duly invoked and diligently pursued by counsel.

The petitioners' allegations that the report was motivated by political considerations and was unnecessarily scandalous and defamatory could not and, of course, did not clothe the court of quarter sessions with jurisdiction to pass upon either the form or substance of the auditors' report. If expeditious and effective action looking to the judicial suppression of a legally improper report was indicated in the circumstances, the court of common pleas, which has unquestioned jurisdiction of the subject matter, was the competent tribunal to afford appropriate and prompt relief. Nor is it material that the auditors on two occasions, prior to filing their report, had sought and obtained from the court of quarter sessions an extension of the time prescribed by statute for such filing. Obviously, no jurisdiction of the subject matter was conferred by the auditors' request for an enlargement of the filing time. If judicial power to grant such an extension actually does exist (and we do not mean to imply that it does), it could be nowhere else than in the court of common pleas as ancillary to that court's jurisdiction under Section 1038 of The Borough Code of 1927.

It follows, therefore, that the proceeding in the court of quarter sessions to quash the auditors' report was coram non judice and must be vacated.

The Superior Court expressed the further view that, in the light of our decision in *Bell Appeal*, 396 Pa. 592, 152 A. 2d 731, it was not clear how jurisdiction of this appeal could be in that court except for our order of

remission. The reason is not far to seek. The appeal was originally taken to this court and was remitted by us to the Superior Court on the strength of the ruling in *Manor Township School District Audit*, 281 Pa. 116, 117-118, 126 Atl. 251 (1924). None the less, the remission of this appeal to the Superior Court was an inadvertence. Our attention had not been called at the time to the fact that no appeal to the Superior Court from the action of the court of quarter sessions had been conferred by statute. Hence, the action of the court of quarter sessions was reviewable only on common law certiorari in an exercise of the King's Bench powers under the Act of May 22, 1722, 1 Sm. L. 131, 140, Section XIII, which the Superior Court does not possess. Whether the absence of a statutorily authorized appeal to the Superior Court was brought to the court's attention in *Manor Township School District Audit* case, supra, does not appear. What does appear in the brief per curiam opinion is that the court of quarter sessions had jurisdiction of the auditors' report there involved. However that may be, we reaffirm that, lacking a statutorily authorized appeal, the Superior Court is without power to review the action of a lower court upon a common law writ of certiorari, as we held in *Bell Appeal*, supra.

Any restrictions (due to the decision in *Bell Appeal*) on the scope of appellate review, as theretofore exercised by the Superior Court, can be readily and effectively lifted, to the extent desired, by appropriate legislation. For example, *appeals* from proceedings in courts of quarter sessions (except where title to a public office is involved) are lodged in the Superior Court by Section 7(a) of the Act of June 24, 1895, P. L. 212, 17 PS §182. Where, however, no *appeal* is provided for by statute or where a statute prescribes that the decision of the lower court shall be final or expressly

prohibits an appeal, the Superior Court can be, and properly should be, legislatively empowered to review the records in such cases on common law certiorari, broad or narrow as the case may be, according to the well recognized distinction in the use of the writ. Such authorization would implement the Superior Court in a manner that would enable it to review all proceedings emanating from courts of quarter sessions (except cases involving title to public office) regardless of whether or not a right of appeal is statutorily authorized. It was not until 1941 that power to issue the extraordinary common law writs of *mandamus* and *prohibition* to courts of inferior jurisdiction was first conferred on the Superior Court for use "where such actions are ancillary to proceedings within its *appellate* jurisdiction" (emphasis supplied). Act of May 21, 1941, P. L. 47, §1, 17 PS §181 (pkt. part).

One further observation relative to the effect of our decision in *Bell Appeal* needs be made. Owing to the fact that the pronouncements of a court with respect to matters not within its jurisdiction are without binding legal force and effect, an apprehension has been voiced that our holding in *Bell Appeal* operated to nullify decisions of the Superior Court in cases heretofore passed upon by that court where no appeal was authorized by statute and review was had on common law writs of certiorari and that, consequently, the Superior Court's orders in such cases were invalid. There is no practical basis for any such fear. Even though the Superior Court's opinions in the indicated cases were not jurisdictionally decisional, the judgments, orders or decrees entered pursuant thereto in the courts of first instance, where all of such cases originated and where jurisdiction of the subject matter unquestionably resided, have long since become final and unassailable, not having been appealed within the time

prescribed by law. It is in the courts of first instance and not in the appellate courts that final judgments, orders and decrees are ultimately entered and become unimpeachable if not appealed from. Whether the opinions of the Superior Court in such cases constitute authoritative expressions of germane law depends, of course, upon their inherent worth. They represent the considered views of judges learned in the law on the legal questions considered and any judge of a court of first instance will be well advised to follow the reasoning of such opinions unless they appear to be in conflict with controlling higher judicial authority.

The order of the court of quarter sessions is vacated and the petition to quash the auditors' report dismissed.

---

CONCURRING AND DISSENTING OPINION BY MR. JUSTICE MUSMANNO:

I concur entirely with the Majority Opinion in its discussion of the jurisdiction of the Superior Court, as expressed in *Bell Appeal,* 396 Pa. 592.

I also agree, of course, that an appeal from an auditor's report may be taken to the court of common pleas. The Act of May 4, 1927, P. L. 519 (§1038) provides: "It shall be lawful for the borough, or any taxpayer thereof, on its behalf, or any officer whose account is settled or audited, to appeal from the settlement or audit, as shown in the auditor's report, to the court of common pleas of the county, but not later than forty days from the date of filing of the auditor's report with the clerk of the court of quarter sessions."

However, I do not agree that this language prohibits the appellants in this case from petitioning the court of quarter sessions to quash an alleged auditors' report which purports to be what it is not.

The Borough Code (§1035 (b)) provides that the report of auditors shall: "contain an audit of the accounts of the last fiscal year and shall also show a complete statement of the financial condition of the borough, giving in detail the actual indebtedness, the amount of the funded debt, the amount of the floating debt thereof, the valuation of taxable property therein, the assets of the borough with the character and value thereof, and the date of maturity of the respective forms of funded debt thereof . . ."

The supplemental report filed by the board of auditors on May 12, 1959, went far beyond what the code requires or intends. The report contains accusations, condemnations, innuendoes, slurs, and argumentation of such a character that it can scarcely be regarded as a fiscal document.

The report is couched in language and is made up in a form which might seem to make it more fitting as a grand jury presentment than an audit. To the extent, therefore, that the report departs from what the law requires it to be, it may not be filed and should not be accepted. If accepted, appropriate proceedings are in order to suppress it.

Suppose, by way of illustration, the report had been prepared in the Japanese language and it was accepted by the clerk of courts. Can anyone doubt that an action could properly be initiated in the court of quarter sessions to have the report quashed? And can it be doubted that the court of quarter sessions would have the jurisdiction to quash the Japanese report?

The auditors' report, which is the subject of controversy in this case, is translucently a political document and thus had no more right to be filed among the records of the court of quarter sessions than a scandal sheet printed anonymously.

Political battles are to be fought in the arena of democratic debate and not through the media of fiscal

documents filed in Court. If the auditors found improprieties in the Turtle Creek municipal government, those improprieties could have been stated in the manner provided by law, and not in the form one usually employs in a forum for expression of opinion.

In view of all these circumstances, I believe that the councilmen of Turtle Creek were justified in filing their petition to quash and that the action of the court of quarter sessions was proper.