**Conrad v. Exeter Township**

*Brett A. Huckabee,* for plaintiff.

*Robert T. Miller,* for defendant Township of Exeter.

*Adam B. Krafczek,* for defendant George Fidler, Sr.

*Michael G. Wolfe,* for defendant Marcel C. Bernier.

SAYLOR, *J.,* August 23, 1983—

I

In this equity action, plaintiff, a resident, taxpayer and supervisor of Exeter Township, seeks to enjoin the township from contracting and paying for certain insurance policies covering its elected supervisors. Individual defendants are two such supervisors and as to them plaintiff additionally asks that they be surcharged for the premiums paid in past years by the township.

The matter is before us on cross-motions for summary judgment. The parties agree and we are satisfied that there are no factual matters in dispute and the case is ripe for summary disposition.

Based on the facts and conclusions reached in this adjudication, we grant the injunction, but deny the surcharges.

## II

Exeter Township is a second-class township. As a political subdivision of the Commonwealth, it derives its authority from the Second-Class Township Code.[1] From time to time during the period of 1973 to 1981 the township bought and paid for certain insurance policies for its elected supervisors. The risks insured by these policies included life, accident, sickness and disability, and they provided medical, hospital and pension benefits. Not all supervisors received all of these coverages.

As to defendant George Fidler, Sr., the township provided insurance coverage and paid premiums in the years and amounts as follows:

Health and Accident Insurance

| 1/15/77 to 1/15/78 | $612.00 |
| 1/15/78 to 1/15/79 | 673.20 |
| 1/15/79 to 1/15/80 | 673.20 |
| 1/15/80 to 1/15/81 | 720.60 |

Medical and Hospital Insurance

| 1976 | $491.40 |
| 1977 | 612.00 |
| 1978 | 673.20 |
| 1979 | 673.20 |
| 1980 | 720.60 |
| 1981 | 834.00 |

Paid insurance coverage for defendant Marcel C. Bernier was as follows:

Health and Accident Insurance

| 1/15/79 to 1/15/80 | $746.40 |
| 1/15/80 to 1/15/81 | 793.80 |

---

1. Act of May 1, 1933, P.L. 103, as amended, 53 P.S. §65101.

### Disability Insurance

| | |
|---|---|
| 1979 | $67.69 |
| 1980 | 116.00 |
| 1981 | 116.00 |

### Medical and Hospital Insurance

| | |
|---|---|
| 1978 | $248.80 |
| 1979 | 746.40 |
| 1980 | 793.80 |

During this period, three other supervisors were insured by the township at one time or another, but plaintiff has not sued them, she says, because one was an employee and not a supervisor at the time; another was a full-time township employee at the time, and the third offered to pay back the premiums paid for her coverage amounting to only $50.31 but was advised not to do so by the solicitor.[2]

Individual defendants accepted the insurance coverage and authorized payment of the premiums in good faith and only after they were assured by two successive township solicitors and the Pennsylvania State Association of Township Supervisors that such action was proper.

The township auditors never authorized the payment of these premiums as a form of compensation to supervisors employed by the township, but they annually audited township accounts which included these premium payments, and no surcharges were made by them nor were exceptions filed to their audit reports.

### III

The questions for decision are whether the township supervisors may lawfully pay premiums out of

---

2. The other supervisors are Thomas Rose, Jean Berg and Florence Deysher.

taxpayers' funds for certain insurances covering themselves and, if not, whether plaintiff has standing to sue, and, if so, whether we have jurisdiction to enjoin the township and/or surcharge individual defendants.

## IV

Initially, defendants challenge plaintiff's standing to seek an injunction against the township. We are satisfied that equitable jurisdiction is properly involved. Municipalities and their officers may be enjoined in equity from acting in excess of their authority and a taxpayer has a right and a standing to sue to enjoin public officials from wrongfully or unlawfully expending public money. Mayer v. Hemphill, 411 Pa. 1, 190 A.2d 444 (1963).

Whether supervisors may buy and pay for insurance for themselves involves a reading and interpretation of the Second Class Township Code. More specifically, section 713, entitled "Insurance," sets forth the types of insurance the supervisors are authorized to pay for out of general township funds. It reads, in part:

". . . to make contracts with any insurance company, so authorized, insuring any public liability of the township, including insurance on every township officer, official, and employee for liability arising from errors and omissions in the performance of their duties in the course of their [sic] employment, except that liability of elected or appointed officials or officers for surcharge in accordance with law shall not be affected hereby; and to make contracts of insurance with any insurance company, or nonprofit hospitalization corporation, or nonprofit medical service corporation, authorized to transact business within the Commonwealth, insuring its

employees and/or their dependents, or any class or classes thereof, under a policy or policies of group insurance covering life, health, hospitalization, medical service, or accident insurance, and may contract with any such company granting annuities or pensions, for the pensioning of such employees, and for such purposes, may agree to pay part or all of the premiums or charges for carrying such contracts, and may appropriate out of its treasury any money necessary to pay such premiums, or charges, or portion thereof. The supervisors are hereby authorized, enabled and permitted to deduct from the employee's pay, salary or compensation such part of the premium, or charge, as is payable by the employee, and as may be so authorized by the employee in writing."[3]

This insurance section makes an obvious distinction between township officers, officials and employees. It provides, for example, that public liability insurance may be contracted for "on every township officer, official and employee . . .," but insurance covering life, health, hospitalization, medical services, accident, annuities and pensions are only authorized for township employees or their dependents. Thus, unless the supervisors for whom health, accident, medical, hospital and disability insurances were purchased were, in fact, employees of the township at the time, no authority is granted for such an expenditure.

In their answers and affidavits individual defendants claim they performed certain services as employees of the township and therefore the insurance protection provided by the township was permissi-

---

3. Act of May 1, 1933, P.L. 103, as amended, 53 P.S. §65713.

ble. They cannot be considered employees, however, because such insurance benefits are a form of compensation and when supervisors are employed as employees their compensation must be fixed by the auditors.[4] In this case their compensation in the form of insurance coverage was not fixed by the auditors. Auditing the records each year without surcharge does not satisfy the requirement. See Township of Ross v. McDonald, 60 Pa. Commw. 306, 431 A.2d 385 (1981); and Hendricks v. East Rockhill Township, 1 D.&C.3d 763, (1977).

We, therefore, conclude that township supervisors are not authorized to pay premiums out of taxpayers' funds for insurance on themselves of the types involved here and we must enjoin them from doing so.

## V.

Plaintiff asks us to surcharge individual defendants for prior years' premiums unlawfully paid. We lack jurisdiction to do so. Plaintiff's sole procedural remedy was to appeal the township auditors' report within 45 days of its annual filing under section 553 of the Second Class Township Code.[5]

In Festa v. Derry Township, 49 Pa. Commw. 297, 411 A.2d 904 (1980), the court said:

"Our courts have long held that township auditors' reports must be challenged exclusively as pro-

---

4. 53 P.S. §65514 clearly states, ". . . this section shall not prohibit the township supervisors from being employed as superintendents or roadmasters, or as laborers, if physically able to work on and maintain the roads." But it further provides that in such a case their compensation shall be "fixed as hereinafter provided." Section 515 then provides that such compensation shall be fixed by the township auditors.

5. 53 P.S. §65553.

vided by statute. Turtle Creek Borough Audit, 401 Pa. 201, 163 A.2d 876 (1960); Skelton v. Lower Merion Township, 318 Pa. 356, 178 Atl. 387 (1935); Neville Township Auditors Report, 166 Pa. Super. 122, 70 A.2d 379 (1950). Absent fraud, the decision of the auditors 'is conclusive, and cannot again be inquired into either by the same tribunal at another time or by a court of law except in the manner provided by statute.' Skelton, supra, at 360, 178 Atl. 389. A direct appeal to the common pleas court is the exclusive remedy and a complaint in assumpsit is not only a trip down the wrong path but clearly ignores the legislative purpose which is to provide a speedy and effective method to adjust a municipality's fiscal matters and to give qualified interested persons an opportunity to question and attack auditors' reports prior to finality." Also see Riehl v. Miller, 319 Pa. 201, 178 Atl. 495 (1935).

In the absence of fraud and without timely appeals from the auditors' reports, we must deny plaintiff's request to surcharge.

## DECREE NISI

August 23, 1983, it is hereby ordered, adjudged and decreed as follows:

1. Plaintiff's petition for summary judgment against defendant Exeter Township seeking an injunction is granted.

2. An injunction is issued restraining Exeter Township from paying premiums for the purchase of medical, hospital, disability, health and accident insurance for the elected township supervisors.

3. Defendant Exeter Township's motion for summary judgment is denied.

4. Plaintiff's petition for summary judgment against individual defendants seeking surcharges is denied.

5. Individual defendants' motions for summary judgments against plaintiff are granted.

6. The costs of these proceedings are placed on defendant Township of Exeter.

7. The prothonotary shall enter this decree nisi and give notice of the filing date to the parties as required by Pa.R.C.P. 1517. If no exceptions are filed within 10 days of such notice, this decree nisi shall be entered by the prothonotary on praecipe as the final decree.