# Commonwealth ex rel. v. Speer, Appellant.

*Courts—Allegheny County Court—Jurisdiction over desertion cases—Appeals—Supreme and Superior Court—Certiorari—Husband and wife—Act of May 5, 1911, P. L. 198.*

1. Under the Act of May 5, 1911, P. L. 198, creating the County Court of Allegheny County, the county court is a substitute for the court of quarter sessions in desertion proceedings, and is expressly given exclusive jurisdiction over them.

2. The provisions of the Act of 1911, for an appeal to the common pleas, and for the issuance of a certiorari from the common pleas to remove the record from the county court to the common pleas, "in the manner as now provided by law in regard to writs of certiorari issuing out of said common pleas," apply only to civil actions, and not to desertion proceedings.

3. A certiorari to remove a record from the quarter sessions to the common pleas has never been "provided by law," and is an unknown proceeding.

4. The provision for the giving of bail for the payment of the judgment entered, also clearly indicates that a certiorari can go

out to the county court from the common pleas only in a civil action, for in a prosecution by the Commonwealth of a husband for desertion or nonsupport of his wife and children, no interest-bearing judgment is recovered.

5. In such a case, an appeal lies from the county court to the Supreme Court in the absence of a statutory right of appeal to the Superior Court.

*Husband and wife—Desertion—Nonsupport—Divorce—Res adjudicata—Jurisdiction.*

6. When a court of competent jurisdiction passes upon a question properly before it and calling for disposition, its judgment thereon, when final, is conclusive upon all other courts, when the same issue is raised again.

7. Where a wife petitions the court of quarter sessions to compel the husband to pay what was due her upon an order for support made by the same court, and the husband sets up in his answer, as a defense, that he had been divorced from the wife in another state, and was no longer her husband, and the case is heard upon petition, answer, replication and evidence, and the court finds that the decree of divorce was valid, and revokes the order of support, and such action is not appealed from, the wife is concluded thereby from filing a petition in a court of another county, charging the same desertion, and praying for an order of support.

Argued February 17, 1920. Appeal, No. 63, Oct. T., 1919, by defendant, from judgment of County Court of Allegheny Co., No. 1005, 1918, awarding order of support in case of Commonwealth ex rel. Milly I. Speer v. William A. Speer. Before BROWN, C. J., STEWART, MOSCHZISKER, FRAZER, WALLING and KEPHART, JJ. Reversed.

Petition for order of support. Before KENNEDY, P. J.

The facts are stated in the opinion of the Supreme Court.

The court below made an order of support. Defendant appealed.

*Errors assigned* were (1) overruling plea of res adjudicata, (2) judgment awarding order of support.

*Carl D. Smith,* with him *D. B. Taylor* and *Cunning-*

*ham & Fisher,* for appellant.—The question involved has been considered by various trial courts of this State and the great weight of authority and decision is undoubtedly in accord with the contention of appellant: Com. v. Markley, 5 Pa. Dist. R. 134; Com. v. Larkin, 15 Pa. Dist. R. 728; Com. v. Stuhlman, 11 Pa. Dist. R. 181; Com. v. Young, 25 Pa. C. C. R. 655; Com. v. Rudy, 29 Pa. C. C. R. 450; Com. v. Gardiner, 22 Pa. Dist. R. 65; Com. v. Brownell, 35 Pa. Superior Ct. 249.

The appellate court has power to review the action of the trial court in desertion cases and rectify errors of law and procedure disclosed by the record: Com. v. White, 22 Pa. Superior Ct. 67; Com. v. Richards, 131 Pa. 218; Com. v. Hollinger, 16 Pa. Superior Ct. 199; Com. v. Haylow, 17 Pa. Superior Ct. 541; Com. v. Smith, 13 Pa. Superior Ct. 358; Com. v. Smith, 200 Pa. 363; Com. v. Isaacman, 33 Pa. Superior Ct. 384.

The Superior Court clearly has no jurisdiction in cases of appeal from the County Court of Allegheny County: Pittsburgh v. Pierce, 69 Pa. Superior Ct. 520; Com. to use v. Atl. Refg. Co., 67 Pa. Superior Ct. 551.

*Albert G. Liddell,* for appellee.—An order of support cannot be reversed by the appellate court on the ground that the previous discharge of the defendant in a similar proceeding in another county was conclusive: Com. v. Brownell, 35 Pa. Superior Ct. 249; Com. v. Smith, 200 Pa. 363; Com. v. James, 142 Pa. Superior Ct. 32; Com. v. Mills, 26 Pa. Superior Ct. 549; Com. v. Isaacman, 33 Pa. Superior Ct. 384.

The prosecution of one who deserts his wife or children, under the Act of 1903, P. L. 26, is a cumulative remedy, and a prosecution and sentence under the Act of 1867, P. L. 78, will not prevent arrest under the Act of 1903, for the same offense: Com. v. Hilton, 38 Pa. C. C. R. 591; Com. v. McCloskey, 42 Pa. C. C. R. 22; Com. v. Gardiner, 22 Pa. Dist. R. 65; Carey v. Carey, 25 Pa. Superior Ct. 223; Hunt v. Snyder, 261 Pa. 257.

This certiorari should be dismissed for the reason that there is no jurisdiction in the Supreme Court to review, directly, the judgment of the County Court of Allegheny County in a case of desertion and nonsupport brought under the Act of April 13, 1867, P. L. 78, without a prior appeal, in the nature of a certiorari, having first been taken to the common pleas: Com. v. Jones, 90 Pa. 431; Com. v. Smith, 200 Pa. 363.

OPINION BY MR. CHIEF JUSTICE BROWN, April 12, 1920:

In November, 1914, Milly I. Speer made a complaint in Indiana County against her husband, the appellant, charging him with desertion and nonsupport from July of that year. In the following December the court of quarter sessions of the county found him guilty of desertion and made an order upon him for the support of his wife. He failed to comply with this order after October, 1915, and in December, 1916, she presented her petition to the court, asking that he be compelled by attachment to pay her the arrearages due. In September of the following year, after a hearing, the court modified the order for the period from October 1, 1915, to October 11, 1916, and revoked it as of that date, on the ground that he had then been divorced from his wife. On August 22, 1918, she filed an information in the County Court of Allegheny County, charging the same desertion she had charged in her complaint made in Indiana County. In bar of this second prosecution the appellant offered the entire record of the proceedings which had been instituted against him in the Court of Quarter Sessions of Indiana County but the court below held that this prior prosecution was no bar to that proceeding before it, and, having adjudged him guilty of desertion, made the order of support from which we have this appeal.

It is urged that appellant should have appealed, in the first instance, to the court of common pleas of the county, the contention of the appellee being that it is

so provided by the Act of May 5, 1911, P. L. 198, creating the County Court of Allegheny County. Whether this is correct depends upon the proper construction of the 9th section of that act, the first clause of which is as follows: "Either party may, within ten days after the entry by said court of any judgment in any civil action, appeal therefrom to the court of common pleas of said county, by taking and perfecting an appeal in the manner following": The clause immediately following this provides how an appeal shall be taken and perfected, and then there is the following provision for a writ of certiorari: "Any party shall be entitled, within ten days from the date of judgment, or within such further time as the court of common pleas may grant, to a writ of certiorari to remove the record to any court of common pleas of said county, in the manner as now provided by law in regard to writs of certiorari issuing out of said common pleas; but such certiorari shall not operate as a supersedeas unless bail absolute for said judgment, interest and costs shall be given, and approved by the court of common pleas from which such writ of certiorari issues." Both of these clauses undoubtedly refer to a "civil action" only. The first, on its face, unmistakably shows this, one of its provisions being that on an appeal taken by a defendant "he shall give bail absolute, with surety, for the debt and the interest, and costs accrued and likely to accrue," and the second, authorizing the issuance of a writ of certiorari, thus provides: "Such certiorari shall not operate as a supersedeas unless bail absolute for said judgment, interest and costs shall be given and approved by the court of common pleas from which such writ of certiorari issues." The County Court of Allegheny County is a substitute for its court of quarter sessions in desertion proceedings and is expressly given exclusive jurisdiction over them. The provision as to a writ of certiorari to it from the common pleas is that it shall issue "in the manner as now provided by law in regard to writs of certiorari issuing

out of said common pleas." A certiorari from the common pleas to the quarter sessions has never been "provided by law," and is an unknown proceeding. The second provision for the giving of bail for the payment of the judgment entered also clearly indicates that a certiorari can go out to the county court from the common pleas in a civil action only, for in a prosecution by the Commonwealth of a husband for desertion or nonsupport of his wife and children, no interest-bearing judgment is recovered. In the exercise of its functions in desertion proceedings the court below is an independent court of record, free from any interference by the common pleas of the county: Com. ex rel. v. Shecter, 250 Pa. 282. This appeal is properly before us, in the absence of a statutory right of appeal to the Superior Court, and we proceed to pass upon the question which it raises.

After October 1, 1915, as already stated, the appellant failed to comply with the order of maintenance made by the Court of Quarter Sessions of Indiana County, and on December 19, 1916, Milly I. Speer presented her petition to that court, asking for process to compel him to pay what was due her. In his answer to the rule to show cause why the prayer of the petitioner should not be granted, he averred that he was no longer her husband, having been absolutely divorced from her on October 11, 1916, by decree of the Second Judicial District Court of the State of Nevada, in and for the County of Washoe. In connection with this answer there was exhibited to the court a certified copy of the decree of divorce and of all proceedings leading up to it. In her replication the petitioner, for reasons therein set forth, averred that the decree was null and void. After hearing, on petition, answer, replication and evidence submitted to it, the court, in an elaborate opinion filed September 9, 1917, found that the decree of the Nevada court divorcing the appellant from his wife was valid, and that full effect must be given to it. The order of support was thereupon revoked. Though an exception was filed to this, no ap-

peal from it was ever taken. On August 22, 1918—nearly a year after the Court of Quarter Sessions of Indiana County had decreed that the appellant had been lawfully divorced from his wife—she filed a complaint in the court below, charging the same desertion she had charged in her complaint in Indiana County, upon which its court of quarter sessions had made the order of maintenance on December 12, 1914. On the hearing of the complaint in the court below, with a certified copy of the record of the proceedings in the Court of Quarter Sessions of Indiana County before it, it nevertheless adjudged the appellant guilty of desertion and made an order of maintenance for the support of "Milly Speer, wife of defendant." This was manifest error.

The court of Indiana County was the proper tribunal to pass upon the complaint made by the wife of the appellant in 1914 for his failure to support her. It was a court of record, having jurisdiction of such complaints. Before it could make an order of maintenance it was upon the complainant to show that she was the wife of the defendant, and she did so show. After the order of support had been made, it continued under the control of the court that made it, to be revoked whenever the defendant was no longer the husband of the complainant. When he had been in default for months, she asked that he be compelled to comply with the order, and thereupon an issue arose in the court which had made the order, requiring it to determine whether the marriage relation still continued between the parties. This was a question vital to the right of the complainant to further support. On this issue, to which she made herself a party, it was adjudged, after due hearing, that she was no longer the wife of the appellant, and a decree so holding became part of the records of the court, binding upon every court in the Commonwealth having jurisdiction of desertion proceedings, in any attempt which she might make to compel the appellant to support her. When a court of competent jurisdiction passes upon a question

properly before it, and calling for disposition, its judgment thereon, when final, as in the case before us, is conclusive upon all other courts when the same issue is again raised. This was strangely overlooked by the court below when the fundamental question before it was the continued marital relation between the complainant and the defendant.

The assignments of error are sustained, the order of the court below is reversed and the appellant discharged from his recognizance.