## Commonwealth v. Day.

*Practice, C. P. — Certiorari — Certiorari before final judgment — Act of May 22, 1895.*

1. Where a superior court has concurrent jurisdiction, it may issue its *certiorari* to remove an action or an indictment or other matter determinable by the course of common law and proceed on it as the inferior court would have done; but when a special jurisdiction is created by statute, a *certiorari* lies to remove it only after judgment and for revision as to its regularity. The power of the court in such cases is purely correctional. A *certiorari* will not lie to a justice of the peace before judgment.

2. The Act of May 22, 1895, P. L. 100, regulating the proceedings to obtain a *certiorari* to a justice of the peace is not to be interpreted as authorizing the issuance of a *certiorari* before final judgment.

*Certiorari* to justice of the peace. C. P. Washington Co., Feb. T., 1923, No. 226.

*Witherspoon & Devore*, for Commonwealth.

*Hughes & Hughes*, for defendant.

BROWNSON, P. J., April 30, 1923.—On Dec. 26, 1922, William Shriver made a complaint before Boyd C. Parshall, justice of the peace, setting forth that S. L. Day had permitted his sheep to trespass upon the lands of the complainant, contrary to the Act of March 4, 1763, 1 Sm. Laws, 257. This complaint was drawn up on a blank intended for use in making criminal informations, and gives to the case the caption "Commonwealth of Pennsylvania v. S. L. Day." The justice, however, did not issue a warrant for the arrest of the defendant to answer a criminal charge, but treated the case throughout as a civil proceeding under the Act of 1763. He issued a warrant to freeholders, authorizing and directing them to appraise the damage done by the trespassing sheep, and on Jan. 6, 1923, the appraisers made a return that they had assessed the value of such damage at the sum of $12. Upon this assessment no judgment was ever entered by the justice, as provided for in section 2 of the Act of 1763. On Jan. 16, 1923, the defendant sued out a writ of *certiorari*, and, upon the return of the record, filed a number of exceptions to the regularity of the proceedings had before the justice.

The first question that arises in this court is whether a *certiorari* will lie to review a proceeding before a justice of the peace which has not yet been

terminated by a final judgment. Upon this question defendant's counsel has cited authorities to the effect that "the writ of *certiorari* is the appropriate writ for the removal of a cause before judgment, and the writ of error is the writ which removes it afterwards." The Pennsylvania cases cited, Com. *v.* Simpson, 2 Grant, 438, and Com. *v.* Balph, 111 Pa. 365, were instances of the exercise of the power, derived from the English common law, which a superior court, possessing concurrent jurisdiction to try or dispose of a case, has to remove the case from the inferior court wherein it was instituted, when, for some reason, it cannot or ought not to be tried in the latter court. *Certiorari* is the appropriate writ in such instances to remove a cause before judgment. But this is only one of the purposes for which this writ is employed. It is used, also, to bring a cause before a superior court possessing revisory powers, in order that it may review errors apparent upon the record, where no right to a writ of error is given by law, and when it is used for this purpose, it must appear that there is a final judgment in the court below, or the writ of *certiorari* will be quashed: In re Germantown Avenue, 99 Pa. 479, 480, 481. The writ of *certiorari* in the present case is sought to be used by the defendant for the purpose of having this court correct errors alleged to have been committed by the justice in a special statutory proceeding of which we do not have concurrent jurisdiction. The rule applicable in such a case, and the distinction to which we have adverted, are well stated in 2 Troubat & Haley's Practice (6th ed.), 1221-22, as follows: "Where a superior court has concurrent jurisdiction, it may issue its *certiorari* to remove an action or an indictment or other matter determinable by the course of the common law, and proceed on it as the inferior court would have done; but when a special jurisdiction is created by statute, a *certiorari* lies to remove it only after judgment and for revision as to its regularity; the power of the court in such cases is purely correctional." This statement is supported by Com. *v.* Nathans, 5 Pa. 124, 125, per Gibson, C. J., who, on page 126, also states that "it has always been held that a *certiorari* will not lie to a justice before judgment."

The defendant argues, however, that the Act of May 22, 1895, P. L. 100, regulating the proceedings to obtain a *certiorari* to a justice of the peace, gives or recognizes the right to have such a writ before judgment, because it says that the recognizance and affidavit may be taken before the justice "before whom the case in which said *certiorari* is taken is pending." If this language is interpreted as showing that the legislature contemplated the taking of a *certiorari* to a justice before judgment, by parity of reasoning, it would indicate that a *certiorari* after judgment was not contemplated. But the word "pending," like the majority of the words in the English language, has different shades of meaning, and we think the legislature used it in the Act of 1895 in the same sense in which it was used by the authorities cited in 30 Cyc., 1364, note 7, holding that, for purposes connected with appellate proceedings and the effect thereof, unsatisfied judgments are to be regarded as pending cases until final determination of an appeal therefrom, or until the time for appeal is passed.

Our conclusion is that the writ of *certiorari* before us was sued out prematurely. This conclusion makes it unnecessary to consider the question, mentioned in the argument, whether the Act of 1763 was rightly treated by the justice as in force in Washington County, or the other questions as to the regularity of his procedure.

And now, April 30, 1923, upon due consideration, the writ of *certiorari* issued in case is quashed.

From Harry D. Hamilton, Washington, Pa.