Martonick, Appellant, *v*. Beattie.

Submitted October 24, 1955. Before STERN, C. J.,
STEARNE, JONES, BELL, MUSMANNO and ARNOLD, JJ.

*John Dobash* and *Snyder, Wert & Wilcox,* for appellants.

*George B. Richards,* for appellees.

ORDER PER CURIAM, October 28, 1955: The order of
the Superior Court is vacated for lack of jurisdiction.
The orders of the Court of Common Pleas are reversed
and the County Board of Elections is directed to print
on the ballots the names of Michael Smar for *Supervisor* and Stephen Haber for *School Director.* Opinion to be filed later. Mr. Justice MUSMANNO dissents.

Opinion by Mr. Justice Jones, November 14, 1955:

We granted allocaturs in the above appeals for want of jurisdiction in the Superior Court. The appeals, having been erroneously taken to that court, should have at once been certified to this court. But, failing that, we acted to bring the proceedings here and forthwith vacated the Superior Court's order on the merits. It was manifestly essential that we do so. That order was plainly *coram non judice;* and the jurisdictional intrusion thereby, if left uncorrected, could only have led to uncertainty, confusion and possible harmful delay in future election controversies.

The appeals then being before us, we made our independent review of the questions involved and reversed the orders of the Court of Common Pleas of Carbon County, noting that an opinion would be filed later.

Generally speaking, jurisdiction to review cases arising under the election laws of the Commonwealth is in the Supreme Court. Such controversies are brought here invariably on certiorari—a writ which this court is authorized to issue under its King's Bench powers conferred by Section 13 of the Act of May 22, 1722, Sm. L. 131. See *Rimer's Contested Election,* 316 Pa. 342, 345-346, 175 A. 544. The reason the review of such a controversy is in this court on certiorari is patent. The election laws are all but silent as to any right of appeal beyond the courts of common pleas and quarter sessions.[1]

The instances are few, indeed, where a right of appeal in an election case is statutorily conferred. One such instance is where "the nomination or election of a judge of the Supreme or Superior Court or of a judge of any subordinate court of record, required to be

---

[1] For a thorough and interesting discussion of the scope of review on certiorari in election cases, see *Rimer's Contested Election,* supra.

learned in the law, shall be contested, if the trial and determination of such [election] contest shall involve the true construction of any provision of the Constitution, or if the decision shall depend on any question arising upon the Constitution, an appeal shall lie from the decision of the court or judges empowered to try such contested nomination or election, to the Supreme Court": Section 1775 of the Election Code of 1937 (25 PS §3475), substantially a re-enactment of the Act of June 12, 1878, P. L. 204.

There are also two instances where appeals from purely factual determinations are committed by statute to the Superior Court. The one provision grants a candidate or nominee a right of appeal to the Superior Court from a lower court's finding that the expense account which he filed after the primary or election is false: Sec. 1611 of the Election Code of 1937, 25 PS §3231 (b); see *Laub's Expense Account*, 145 Pa. Superior Ct. 513, 21 A. 2d 575. The other instance is the provision for a two-day appeal to the Superior Court allowed by Section 976 of the Election Code, as amended by the Act of July 28, 1941, P. L. 526, 25 PS §2936, from a finding of a court of common pleas (on appeal from the finding of a statutorily designated committee) that the political party or political body named in a nomination petition or papers is composed of a group at least one of whose purposes or aims is the overthrow of the State or Federal government by force and violence.

Since the jurisdiction of the Superior Court is statutory, it is too plain for extended discussion that, save for the two reviews of factual determinations above mentioned, the Superior Court is without any jurisdiction to entertain an appeal from a lower court decision construing or applying the election laws of the Commonwealth.

The facts material to the instant appeals are as follows. Stephen Haber and Michael Smar, both registered Democrats resident in Banks Township, Carbon County, filed nomination petitions with the County Board of Elections as candidates on the Democratic ticket at the primary election on May 17, 1955. Haber filed as a candidate for the office of constable, and Smar for the office of township supervisor. Both were defeated at the primary. Within the time allotted therefor (Section 978 of the Election Code, as amended, 25 PS §2938 Pkt. Part), Republican nominees for school director and township supervisor withdrew and renounced their nominations. The Republican County Committee thereafter substituted as the Republican nominees for school director and township supervisor the said Stephen Haber and Michael Smar, respectively, and the Committee duly filed certificates of these substituted nominations with the County Board of Elections. The Democratic nominees for the particular offices, last above mentioned, severally filed objections to the substituted nomination certificates of Haber and Smar on the Republican ticket. A hearing on the objections was had before the Court of Common Pleas of Carbon County which, in due course, entered separate orders restraining the County Board of Elections from printing the name of Stephen Haber as the Republican nominee for school director and the name of Michael Smar as the Republican nominee for township supervisor on the ballot to be used at the municipal election to be held on November 8, 1955.

The court below mistakenly applied to the substituted nominations the provision of the Election Code of 1937, as amended (Sec. 980, 25 PS §2940 Pkt. Part), applicable to substituted nominations by *political bodies,* whereas the substituted nominations here involved were made by a *political party* and were subject

to the provisions of Section 979 of the Election Code, as amended (25 PS §2939 Pkt. Part). As originally enacted, the Election Code of 1937 made no distinction whatsoever between a substituted nomination by a political party and one by a political body (see Secs. 979 and 980 as originally enacted). The same restriction with respect to substituted nominations applied to both a political party and a political body, viz., "That no substitute nomination certificate shall nominate any person who has already been nominated by any political party or by any other political body for the same office."

Sec. 979, relating to substituted nominations by political parties, was amended by the Act of May 6, 1943, P. L. 196 (25 PS §2939 Pkt. Part), but no change whatever was made in the above-quoted limitation on substituted nominations. On the other hand, Sec. 980, relating to substituted nominations by political bodies, was amended by the Act of July 5, 1947, P. L. 1358 (25 PS §2940 Pkt. Part), and the limitation was extended so as to provide,—"That no substitute nomination certificate shall nominate any person who was a candidate for nomination by any political party for any office to be filled at the ensuing November election, whether or not nominated for such office by such political party, or who has already been nominated by any other political body for any office to be filled at the ensuing November or special election."

The contrast between the two Sections after the amendment of Sec. 980 with respect to the restriction on substituted nominations is so marked as not to leave the slightest doubt of the differentiation intended by the legislature. Nor is it necessary for us now to ascribe a reason for the legislative distinction. It is sufficient to note that the difference between a political party and a political body clearly appears from the re-

spective definitions in Section 801, Sub-sections (b) and (c), of the Election Code (25 PS §2831 Pkt. Part).

As Section 979 of the Election Code, as amended, is applicable to the substituted nominations here involved, the Republican County Committee of Carbon County was at liberty to substitute as nominees for the vacancies on its ticket for the November 1955 election the defeated primary candidates, Haber and Smar, who had not been nominated by any other political party or political body for the same office.

The court below made a finding of fact that the County Board of Elections had failed to take formal action accepting the tendered substituted nomination certificates. The finding was irrelevant to the proceedings below. The petitions filed by the objectors showed, and the court below found, that the withdrawals of the Republican nominees were made and the substituted nomination certificates were submitted to the County Board of Elections timely after the Republican County Committee had duly acted to make the substitutions. And, that is all that was necessary in the circumstances.

It is unnecessary to discuss or consider the other questions raised on these appeals.

The orders of the court below were accordingly reversed.