J-A16011-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PHILIP AURTHUR SAILOR | : | |
| | : | |
| Appellant | : | No. 970 MDA 2019 |

Appeal from the Judgment of Sentence Entered January 8, 2019
In the Court of Common Pleas of Lycoming County
Criminal Division at No(s):  CP-41-CR-0000724-2015

BEFORE:  PANELLA, P.J., STABILE, J., and MUSMANNO, J.

MEMORANDUM BY PANELLA, P.J.:          **FILED SEPTEMBER 18, 2020**

Philip A. Sailor appeals from the judgment of sentence imposed after a jury convicted Sailor of, among other offenses, aggravated assault by vehicle while driving under the influence, *see* 75 Pa.C.S.A. § 3735.1, aggravated assault by vehicle, *see* 75 Pa.C.S.A. § 3732.1, and three distinct counts of driving under influence of alcohol or controlled substance, *see* 75 Pa.C.S.A. §§ 3028(d)(1)(i), 3028(d)(1)(iii), 3028(d)(2). The trial court sentenced Sailor to two to five years of incarceration.

In this appeal, Sailor challenges certain *ex parte* communications made by the trial court during his trial and the permissibility of the trial court's subsequent testimony about those communications. Moreover, Sailor raises two challenges to the sufficiency of the evidence supporting two of his convictions. As the court was, under the circumstances here, incompetent to testify to factual issues germane to Sailor's motion for extraordinary relief, we

remand.

While Sailor was driving at dusk, his vehicle struck a pedestrian, causing her serious bodily injury. At the time of the accident, the woman was wearing dark clothing and crossing the street without the aid of a crosswalk. Sailor remained at the scene until law enforcement and emergency medical services arrived.

The law enforcement officer who approached Sailor noticed signs of impairment, which included bloodshot eyes and slow responsiveness and movement. During this interaction, Sailor agreed to a field sobriety test. Ultimately, a search of Sailor's vehicle yielded a half-smoked marijuana cigarette.

The case proceeded to trial, and a jury found Sailor guilty.[1] After the jury rendered its verdicts but before sentencing, the Commonwealth sent Sailor an email indicating that it had become aware of *ex parte* communications between the court and at least one juror during the trial.[2]

---

[1] During the trial, the court excused juror number three due to a commitment and replaced that juror with the first alternate juror. In addition, the court released the second alternate juror pre-verdict.

[2] The conversation was between the court and the second alternate juror, but within potential earshot of other jurors. There is ambiguity over when this conversation occurred. **See** Appellant's Brief, at 18 (identifying that the second alternate juror was the juror known personally by the court, that the juror was released just prior to deliberations, and that the transcript reflects that only two jurors in total were excused); **but see** Trial Court Opinion and Order, 5/13/19, at 2-3 (explaining that the court responded to the second alternate juror's question, asked on "likely the second or third day of trial,"

Although "[t]here were several emails between the parties and the court regarding the fact of the communication, the nature of the communication, [and] how many jurors were present during the communication[, n]one of the emails were made part of the record in this matter." Appellant's Brief, at 16.

Upon receipt of this email, Sailor filed a motion to recuse, asserting that the trial court should recuse itself in order to eventually become a fact witness. The trial court denied the recusal motion without a hearing. Instead, the trial court identified that it would place on the record the nature of the *ex parte* communication.

Almost two months later, Sailor orally moved for extraordinary relief. He asserted that the verdict should be set aside due to the court's *ex parte* communications. The trial court also denied the motion for extraordinary relief.

Just prior to that point, Sailor called the court as a witness. The judge unrobed and, from the witness booth and in the absence of any other judge presiding over the hearing, proceeded to testify. The court illuminated that one juror, in the presence of other jurors, asked when the sentencing would be in this case. After presenting this recollection of the court's communication with a juror, the trial court then immediately proceeded to sentencing.

One week after sentencing, Sailor timely filed a post-sentence motion. After a hearing, the court denied Sailor's motion. Sailor then timely filed a

---

but that "the juror did not remain until the close of the trial" and "was excused for a different reason either later that day or the next day.").

notice of appeal. Both Sailor and the trial court have complied with the dictates of Pa.R.A.P. 1925.

Sailor presents four issues for our review:

1. Did the trial court err in denying his request for a new trial where the court engaged in *ex parte* communications with one or more jurors during the course of the trial regarding when the sentencing would be and where the court failed to inform the parties of the communications until after a verdict was rendered in the case?

2. Did the trial court err in denying his request for a new trial where the court did not recuse itself, but instead proceeded to testify as a fact witness on his motion for extraordinary relief, which challenged those *ex parte* communications?

3. Was the evidence insufficient to support a guilty verdict for aggravated assault by vehicle while driving under the influence?

4. Was the evidence insufficient to support a guilty verdict for aggravated assault by vehicle?

***See*** Appellant's Brief, at 9-10.[3]

Preliminarily, we note that Sailor's first two issues are intertwined. While we do not reach the merits of his first issue, a discussion of his claim is relevant to the resolution of his second issue. As we determine that Sailor's second issue necessitates remand, we do not reach the merits of his other arguments.

In his first two issues, Sailor contends he is entitled to a new trial due

---

[3] The Commonwealth did not file a brief in this appeal.

to the trial court's *ex parte* communications with one or several jurors. Pennsylvania law generally prohibits a presiding judge from communicating *ex parte* with jurors during a trial. ***See Commonwealth v. Bradley***, 459 A.2d 733, 739 (Pa. 1983). This rule is intended to prevent undue influence of the jury and to provide the parties with the opportunity to correct any errors in, or prejudice caused by, the communication. ***See id***. However, a new trial is only required if the appellant has established that the communication prejudiced the appellant. ***See id***. Importantly, the "failure to maintain an accurate and reviewable contemporaneous record of all instructions and communications between the court and a jury may force an implication of prejudice where arguably none exists." ***Id***.

Here, the only record of the communications between the judge and the jury comes from the testimony of the judge who not only presided over the trial, but also over the hearing on the motions for recusal and a new trial.[4] Under our rules of evidence, "[t]he presiding judge may not testify as a witness at the trial or other proceeding." Pa.R.E. 605. Specifically, "Pa.R.E. 605 makes a judge *absolutely incompetent* to be a witness on any matter in any proceeding at which the judge presides." ***Id.*** 605, *Comment* (emphasis

---

[4] The court's judicial intern also testified. The exact nature of the intern's relationship with the court is not clear. However, we conclude that the absolute testimonial incompetency of a presiding judge to testify in a matter necessarily applies to any person who was or is directly supervised by the judge. Similarly, this testimonial incompetency can be cured by having a judge who does not have a supervisory role over the witness preside.

added).

Although a trial court may summarily dismiss charges of bias or improper conduct raised against the presiding judge without a hearing if the court deems those charges to be fabricated or frivolous, if "a judge concludes that the allegations justify an evidentiary hearing in which he will testify, it then becomes incumbent upon that judge to step aside for the appointment of another judge to hear and rule upon the issue of disqualification." *Municipal Publications, Inc. v. Court of Common Pleas of Philadelphia County*, 489 A.2d 1286, 1290 (Pa. 1985). A court's failure in summarily dismissing a charge of bias or improper conduct may support the conclusion that the allegations are not frivolous. *See Commonwealth v. McCullough*, 201 A.3d 221, 240 (Pa. Super. 2018).

In response to Sailor's motion for recusal stemming from the court's *ex parte* communications, the court indicated that it would "repeat on the record what occurred[,]" and denied the motion. Court of Common Pleas, Lycoming County, Pennsylvania Motion Cover Sheet, 11/15/18. Subsequently, just prior to sentencing, the court took under consideration Sailor's motion for extraordinary relief, which materially asserted similar themes to those included in the original motion for recusal. At that point, the presiding judge took off his robe and, without another judge assuming control of the bench, began to testify as to his recollection of the events surrounding the *ex parte* communications. *See* Sentencing Hearing, 1/8/19, at 26. After the judge was

- 6 -

sworn, the Commonwealth stated: "Judge, we don't have a judge presiding over the hearing if you're taking your robe off and you're a witness." *Id*. The court responded, seemingly in agreement: "[t]hat's a good point." *Id.*

By assuming the witness stand without the appointment of a new presiding judge, the court inherently became a fact witness while still retaining the status of presiding judge. This action is explicitly prohibited by our rules of evidence and left both the Commonwealth and Sailor without proper recourse if either party were to have lodged an objection to any of the court's testimony. Therefore, there is no record for us to review in addressing either Sailor's contention that the court erred in denying recusal or Sailor's contention the court erred in denying his motion for a new trial.

At this point, we are left in circumstances where no one is currently disputing that an *ex parte* communication with one or more jurors occurred. However, there is no record evidence of what was communicated. Nor is there an agreement between the parties capable of establishing the content of the communication. In order to create a proper record, we must remand to allow the parties to participate in a proper hearing. If Sailor seeks to have the trial judge, or a judicial intern supervised by the trial judge, testify, another judge must be appointed to preside over the hearing.

The hearing must be held and the decision of the presiding judge filed with this Court within sixty days of the date of this memorandum.

Case remanded. Jurisdiction retained. The presiding judge must file a

decision with this Court within sixty (60) days of the date this memorandum is filed and provide notice to the parties of the filing. The parties are directed to file any supplemental briefs within thirty (30) days of the date the presiding judge provides record notice of filing the decision with this Court.