# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kevin Silas,                                          :
                          Petitioner               :
                                                      :
            v.                                        :     No. 223 M.D. 2020
                                                      :     Submitted: February 12, 2021
Office of Judicial Records – Juvenile,    :
                          Respondent             :


BEFORE:      HONORABLE RENÉE COHN JUBELIRER, Judge
             HONORABLE ANNE E. COVEY, Judge
             HONORABLE ELLEN CEISLER, Judge


**OPINION NOT REPORTED**


MEMORANDUM OPINION BY
JUDGE COHN JUBELIRER                         FILED: March 22, 2021


        Kevin Silas (Silas), pro se, filed an Amended Petition for Review (Amended Petition) in our original jurisdiction against the Office of Judicial Records – Juvenile (Respondent), requesting this Court "execute subpoena power" and direct Respondent to produce another individual's juvenile docket sheet.[1]  Before us are preliminary objections filed by Respondent arguing that the Amended Petition is really a motion asking this Court to issue a subpoena, which it lacks the authority to do as there is no pending action before the Court.  Alternatively, Respondent argues that if the Amended Petition is treated as one sounding in mandamus, this Court is without jurisdiction.  As it appears Silas is seeking mandamus relief against a court of the Unified Judicial System, we sustain the preliminary objections and transfer

---

[1] Because of the nature of the request, the Court will not identify the juvenile's name.

this matter to the Pennsylvania Supreme Court for consideration under its superintendency powers. *See Mun. Publ'ns, Inc. v. Court of Common Pleas*, 489 A.2d 1286 (Pa. 1985); Section 5103(a) of the Judicial Code, 42 Pa.C.S. § 5103(a).

In March 2020, Silas filed what was labeled "Petitioner Motion This Court to Execute Subpoena Power in Regards to Petitioner's Notice of Intent to Serve Subpoena Duces Tecum to Respondent to Produce Juvenile Docket Sheet . . . ." Therein, Silas averred Respondent refused to provide him with a copy of a juvenile docket sheet, which he alleged contains exculpatory information related to his own criminal case from 1981. Silas requested that this Court issue a subpoena directing Respondent to produce the juvenile docket sheet. Following preliminary objections, Silas filed the Amended Petition, and the first set of preliminary objections was dismissed as moot.

In the Amended Petition, Silas repeats his claim that Respondent refuses to provide the requested juvenile docket sheet on the basis the record is "'confidential' and can[no]t be disclosed without the proper consent or authorization." (Amended Petition at 2 (emphasis omitted).) Silas discusses at length the alleged importance of the record to his criminal case and asserts he has a constitutional right to confront his accuser and to the due process of law. In his prayer for relief, Silas "prays that this Honorable Court w[ill no]t allow this miscarriage of justice to go any further and in the interest of justice execute subpoena power in regards to [Silas's] file [sic] Notice of Intent to [S]erve Subpoena Duces Tecum to Respondent to produce and provide the entire Juvenile Docket Sheet . . . ." (*Id.* at 7.)[2]

---

[2] Shortly after filing his Amended Petition, Silas also filed an Application for Summary Relief (Application). Given the Court's transfer of this matter to the Supreme Court, the Court will not address that Application.

2

Thereafter, Respondent filed the instant preliminary objections. In its supporting brief, Respondent argues the Amended Petition "is really a motion to have this [C]ourt 'execute subpoena power in regard' to [Silas's] 'Notice of Intent to [S]erve Subpoena Duces Tecum' to [Respondent]." (Respondent's Brief (Br.) at 2.) Respondent argues there are no grounds to issue the requested subpoena because there is no pending action before this Court in which to issue a subpoena. (*Id.* at 3.) Respondent asserts the purpose of a subpoena is to aid in resolution of litigation, and there is no such litigation here. Therefore, "there is no legitimate basis to issue a subpoena here." (*Id.* at 4.)[3]

To the extent Silas is asserting a mandamus action and is asking the Court to compel Respondent to produce the records, Respondent argues the Court lacks jurisdiction to do so. Respondent explains it is an entity of the First Judicial District over which "[t]he Supreme Court is vested with the Commonwealth's supreme judicial power and exercises general supervisory and administrative authority over all the courts." (*Id.* at 5.) Respondent asserts the Supreme Court has "original, but not exclusive, jurisdiction in all cases of 'mandamus or prohibition to courts of inferior jurisdiction.'" (*Id.* (quoting Section 721(2) of the Judicial Code, 42 Pa.C.S. § 721(2)).) Respondent acknowledges that this Court also has "jurisdiction to issue a mandamus against a court of inferior jurisdiction, but only when an appeal from a lower court is pending before [the] court." (*Id.* at 6.) As there is no appeal pending before the Court, Respondent argues this Court lacks jurisdiction and requests the Court sustain its preliminary objections and dismiss the Amended Petition with prejudice as granting leave to amend would be futile.

---

[3] Respondent also asserts Silas "has an alternate remedy: he can seek the records within his criminal case through either a subpoena or motion in the [trial court]." (Respondent's Br. at 4.)

In response to the preliminary objections, Silas largely argues the merits of why he is entitled to the juvenile docket sheet, reiterating it contains exculpatory evidence. He further asserts that Respondent filed identical preliminary objections to his first pleading, which were dismissed as moot, and therefore they cannot be asserted again.

As a preliminary matter, we briefly address Silas's argument that, because Respondent's preliminary objections to his first pleading were dismissed as moot, Respondent cannot assert the same bases in its preliminary objections to the Amended Petition. Silas cites no legal authority for this argument. Rule 1028(a) of the Pennsylvania Rules of Civil Procedure provides that "[p]reliminary objections may be filed by any party to **any pleading** . . . ." Pa.R.C.P. No. 1028(a) (emphasis added). The Rule also permits a party to file an amended pleading in response to preliminary objections, which Silas did here. *See* Pa.R.C.P. No. 1028(e). The Rule further provides that "[o]bjections to any pleading shall be made by filing new preliminary objections." Pa.R.C.P. No. 1028(f). Therefore, Respondent's preliminary objections are proper.[4]

Section 721 of the Judicial Code provides that the Pennsylvania Supreme Court has "original but not exclusive jurisdiction of all cases of . . . [m]andamus or prohibition to courts of inferior jurisdiction." 42 Pa.C.S. § 721. The Judicial Code further provides that "[t]he Commonwealth Court shall have original jurisdiction in cases of mandamus and prohibition to courts of inferior jurisdiction and other government units **where such relief is ancillary to matters within its appellate jurisdiction**. . . ." Section 761(c) of the Judicial Code, 42 Pa.C.S. § 761(c)

---

[4] While there is an exception in which a party may not reassert the same or additional bases that could have been raised initially, the Court notes that here, that exception is not implicated as the original preliminary objections were dismissed as moot and were not adjudicated on the merits.

(emphasis added). In *Municipal Publications,* the Pennsylvania Supreme Court, when interpreting a similarly worded provision of the Judicial Code governing the Superior Court's original jurisdiction over mandamus actions involving a court of common pleas,[5] held that the Superior Court only had "jurisdiction to issue a writ of mandamus . . . where an appeal properly within its appellate jurisdiction is pending before that court and where the issuance of such a writ is necessary to protect that court's appellate jurisdiction." 489 A.2d at 1288 (emphasis omitted). Because no appeal was pending, "there was no predicate for the Superior Court's exercise of jurisdiction." *Id.*

In 2013, the Supreme Court issued an order directing that "all powers and duties of the Prothonotary of Philadelphia and the Clerk of Quarter Sessions of Philadelphia, First Judicial District, Pennsylvania, be transferred to the Trial Division of the First Judicial District." *In re: Transfer of Duties of Prothonotary & Clerk of Quarter Sessions of Phila., First Judicial Dist. of Pa.* (Pa., Judicial Administration Docket No. 412, filed September 30, 2013). Accordingly, we agree with Respondent that this Court does not have jurisdiction and sustain its preliminary objections.

However, we will not dismiss the Amended Petition with prejudice, as Respondent requests. Instead, pursuant to Section 5103(a) of the Judicial Code, 42 Pa.C.S. § 5103(a), we will transfer this matter to the Supreme Court, which has general supervisory authority over the courts. Section 5103(a) provides:

> **(a) General rule.--**If an appeal or other matter is taken to or brought in a court or magisterial district of this Commonwealth which does not have jurisdiction of the appeal or other matter, the court or magisterial

---

[5] Section 741 of the Judicial Code provides that "[t]he Superior Court shall have no original jurisdiction, except in cases of mandamus and prohibition to courts of inferior jurisdiction where such relief is ancillary to matters within its appellate jurisdiction. . . ." 42 Pa.C.S. § 741.

district judge **shall not quash such appeal or dismiss the matter, but shall transfer the record thereof to the proper tribunal of this Commonwealth,** where the appeal or other matter shall be treated as if originally filed in the transferee tribunal on the date when the appeal or other matter was first filed in a court or magisterial district of this Commonwealth. A matter which is within the exclusive jurisdiction of a court or magisterial district judge of this Commonwealth but which is commenced in any other tribunal of this Commonwealth shall be transferred by the other tribunal to the proper court or magisterial district of this Commonwealth where it shall be treated as if originally filed in the transferee court or magisterial district of this Commonwealth on the date when first filed in the other tribunal.

42 Pa.C.S. § 5103(a) (emphasis added).

For the above reasons, we sustain Respondent's preliminary objections that this Court lacks original jurisdiction over the Amended Petition and transfer the matter to the Pennsylvania Supreme Court.

_____
**RENÉE COHN JUBELIRER,** Judge

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kevin Silas, : 
                   Petitioner : 
          : 
            v. :   No. 223 M.D. 2020
          : 
Office of Judicial Records – Juvenile, : 
               Respondent : 

## **O R D E R**

**NOW**, March 22, 2021, the preliminary objections filed by Office of Judicial Records – Juvenile challenging this Court's jurisdiction are **SUSTAINED.** The matter shall be transferred to the Pennsylvania Supreme Court pursuant to 42 Pa.C.S. § 5103(a).

The Prothonotary shall certify a copy of the docket entries of the above matter to the Prothonotary of the Supreme Court of Pennsylvania.

 

                                                _____

                                                **RENÉE COHN JUBELIRER,** Judge